UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LEE COLE,<br><br>          Petitioner,<br><br>    v.<br><br>K. HOLLAND,<br><br>          Respondent. | Case No. CV 16-4286 SJO(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On June 3, 2016 and June 10, 2016, respectively, petitioner Walter Lee Cole ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody with attachments and an Addendum with attachments (collectively "Current Federal Petition") in the Eastern District of California. The case was subsequently transferred to the Central District of California and assigned to this Court. The Current Federal Petition challenges a 1982/1983 conviction/judgment in Los Angeles County Superior Court Case No. A903092 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and

this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PERTINENT PROCEDURAL HISTORY[2]

### A. The State Case

On November 23, 1982, petitioner was convicted of second degree murder with a two-year firearm enhancement. On October 6, 1983, the court sentenced petitioner to a total term of seventeen years to life in state prison. The California Court of Appeal thereafter affirmed the judgment. The California Supreme Court thereafter denied review. Petitioner appears to have sought, and been denied post-conviction relief in state court on multiple occasions.

### B. Prior Federal Petition/Prior Federal Action and Ninth Circuit Action

On February 4, 2008, petitioner formally filed the Prior Federal Petition. On August 20, 2008, the assigned Magistrate Judge issued a Report and Recommendation ("Prior R&R") recommending that the Prior Federal Petition be

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and court records in the Central District of California (CDCA) and the Ninth Circuit in the following cases of which this Court takes judicial notice: (1) Walter Lee Cole v. D.K. Sisto, et al., CDCA Case No. CV 08-5390 GAF(MLG) ("Prior Federal Petition" or "Prior Federal Action"); and (2) Walter Cole v. D.K. Sisto, et. al, Ninth Circuit Case No. 08-56689 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

dismissed with prejudice because it was untimely. On September 23, 2008, the assigned District Judge accepted and adopted the Prior R&R and ordered that judgment be entered dismissing the Prior Federal Petition with prejudice. Judgment was entered accordingly on September 24, 2008.

On October 6, 2008, petitioner filed a Notice of Appeal. On September 28, 2009, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

### C.     Current Federal Petition

As noted above, on June 3, 2016 and June 10, 2016, petitioner formally filed the Current Federal Petition. Though petitioner frames his claims in the Current Federal Petition as challenges to the California Supreme Court's most recent rejection of a state habeas petition challenging the judgment in the State Case, petitioner again effectively challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III.    DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3

(E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's Prior Federal Petition was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

IT IS FURTHER ORDERED that all other pending motions are denied as moot and that the Clerk of the Court shall refer the Current Federal Petition to the Ninth Circuit.

IT IS SO ORDERED.

DATED:     June 20, 2016

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE